UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARTINEZ M. WARREN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 1:15CV231 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside or correct sentence, brought pursuant to 28 U.S.C. § 2255. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied and dismissed as successive.

On July 21, 2014, movant pled guilty before this Court to the offense of aiding and abetting the burglary of a pharmacy and aiding and abetting the possession with intent to distribute controlled substances. *See United States v. Warren*, No. 1:14CR20 SNLJ (E.D.Mo. 2014). On December 15, 2014, this Court sentenced movant to the Bureau of Prisons for a term of imprisonment of 81 months. *Id.* Movant did not file an appeal of his conviction and sentence. However, on May 22, 2015, he filed his first motion to vacate his sentence in this Court. *See Warren v. United States*, No. 1:15CV91 SNLJ (E.D.Mo. 2015). On September 10, 2015, the Court denied movant's motion to vacate, and movant immediately sought an application for certificate of appealability from the Eighth Circuit Court of Appeals. *See Warren v. United*

1

*States*, Case No. 15-3610 (8th Cir. 2015). The Eighth Circuit has not yet ruled on movant's request.

In the instant motion to vacate, movant asserts that he has "new evidence" to show that his criminal counsel, Jacob Zimmerman, denied him effective assistance of counsel at sentencing.

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED AND DISMISSED AS SUCCESSIVE** pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss case or transfer [Doc. #2] is **DENIED AS MOOT**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of January, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE